UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| ROGER and MARY LEE, | \* | CIV 14-4146 |
| Plaintiffs, | \* | |
| -vs- | \* | MEMORANDUM OPINION AND ORDER DENYING MOTION TO AMEND COMPLAINT |
| WILLIAM DRISCOLL, GREG ALBRECHT, WILLIAM ALBRECHT and MATHEWS TOWNSHIP, | \* | |
| Defendants. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiffs Roger and Mary Lee (the Lees) have filed a motion to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). For the following reasons, the motion will be denied.

## BACKGROUND

All of the claims in this case arise out of repairs that were made on 219th Street, a township road that crosses Rock Creek near the intersection of 428th Avenue in Mathews Township. Rock Creek runs across a corner of the Lees' property though a natural waterway before it meets 219th Street. In the 1980's a bridge crossing Rock Creek on 219th Street was replaced with an 8-foot culvert. A 3-foot culvert was added in 2010.

Both culverts washed out in the 2011 floods. The Township applied for and was awarded FEMA funds to repair the washout. Meetings were held. There was discussion about installing 9-foot culverts, 8-foot culverts, and of restoring the road to the way it was before with an 8-foot culvert and a 3-foot culvert. The public was excluded from some of the meetings, and one meeting was adjourned. Mary Lee was the elected Township Clerk during this time period. She also was excluded from meetings when the general public was excluded. The Township eventually chose to install an 8-foot culvert and later a 3-foot culvert. The cost of the entire project was covered by FEMA funds.

The Lees own land next to the roadway where the repairs were made. They agreed to allow the contractor to use dirt and rocks from their property for the construction project because they believed at least one 9-foot culvert would be installed. The Lees contend that the Township unlawfully accepted the federal funds to simply install the same inadequate drainage structure at a lower cost and planned to use the remaining funds for repairs on other roads. The Lees allege that when they raised concerns about this plan, Defendants retaliated against them by withholding information and violating their constitutional rights. No flooding has occurred on the Lees' land since the repairs were made and they are not claiming any damages for flooding.

On September 25, 2014, the Lees brought this action against the defendants Mathews Township and the members of the Township Board of Supervisors for alleged violations of the following federal constitutional rights: 1) the right to due process ; 2) the right to equal protection of the laws; 3) first amendment free speech and associational rights; and 4) taking without just compensation under the Fifth Amendment. The Lees also assert claims for a taking without just compensation under the South Dakota Constitution, as well as conversion and deceit under South Dakota law. In count 8 of the Complaint, the Lees seek declaratory and injunctive relief to end the alleged violations of their constitutional rights and to prevent future infringement of those rights.

On December 2, 2014, the Court issued a Rule 16 Scheduling Order. (Doc. 17.) The deadline to join additional parties and amend the pleadings was February 6, 2015. Later, the parties requested new dates to accomplish discovery and to file dispositive motions, but an extension of the deadline to join additional parties and amend pleadings was never requested and that date remained February 6, 2015. (Docs. 20, 22.) The motion deadline was extended to December 24, 2015. (Doc. 22.)

On December 24, 2015, Defendants filed a motion to dismiss and for summary judgment and a motion to exclude expert testimony by Roger Lee. On that same day, the Lees filed the motion to amend the complaint. All of the motions have been fully briefed.

In their proposed Amended Complaint, the Lees seek to add a new claim on behalf of Mathews Township for recovery "from the bond or other sureties covering improper acts of the township officers." They explain that the claim relates "to the bidding for work at issue in the case and failure to follow statutory requirements for official actions prior to payment of township expenses or obligations." (Doc. 31 at p. 1.) In support of their proposed new claim, the Lees allege:

> During the course of investigation of facts in this case, it became known that Mathews Township has never had any official vote to approve the current drainage and road surface grade for the 219th Street repairs and no official meeting of the board of supervisors ever considered changes to the approved plan to improve the drainage by installing at least one nine-foot diameter culvert. At no time did a majority of the township board of supervisors ever consider and approve the placement of an eight-foot culvert prior to it being installed, and there is no record of proper action to ratify the contract amendments required to provide for such changes in the road drainage.
>
> State statutes require the approval of the township board of supervisors for the transaction of business or to approve disbursement of township funds. SDCL §§ 8-5-2; 8-5-4; 8-9-1 (contracts unlawful unless made at board meeting).
>
> Roger and Mary Lee have standing to assert the rights of landowners and taxpayers of Mathews Township and Mary Lee has standing to assert the rights of a Township Clerk to know and record the actions of the township officials.
>
> Roger and Mary Lee, and other township residents, were not informed of the actions of township officials to change the drainage and reconstruction of 219th Street until after the work was completed. Upon discovery of the improper actions of township officials, Roger and Mary Lee suffered retaliation and interference with their right to access information.

(Doc. 30-1, Prop. Am. Compl. ¶¶ 160-163.)

The remedy sought by the Lees in their amendment is recovery on the official bonds of the township officers and injunctive relief:

> In addition or alternatively, Roger and Mary Lee are entitled to injunctive relief requiring township officials to remedy the statutory violations of the open bidding laws and the making of contracts outside regular or special meetings of the board of supervisors.
>
> To the extent that South Dakota statutes allow for recovery of funds not properly authorized for expenditure by the township, Plaintiffs are entitled to an order

3

>    providing recovery to Mathews Township from the bond or other sureties covering improper acts of the township officers, or other relief to recover funds from the individual Defendants as appropriate.

(Doc. 30-1, Prop. Am. Compl. ¶¶ 167, 168.)

## DISCUSSION

"The Federal Rules of Civil Procedure liberally permit amendments to pleadings." *Dennis v. Dillard Dep't Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000); *see also* Fed.R.Civ.P. 15(a)(2) ("The court should freely give leave when justice so requires."). A timely motion to amend pleadings should normally be granted under Rule 15(a) absent good reasons to the contrary. *See Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000). A district court appropriately denies the motion to amend if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (internal marks omitted).

However, when a party seeks leave to amend a pleading outside the deadline established by the court's scheduling order, the party must satisfy the good-cause standard of Rule 16(b)(4) rather than the more liberal standard of Rule 15(a). *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). The "interplay between Rule 15(a) and Rule 16(b) is settled in this circuit." *Id.* Scheduling orders issued pursuant to Rule 16(b) "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed.R.Civ.P. 16(b)(3)(A). When a scheduling order is issued pursuant to Rule 16(b), the "schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). Therefore, "if a party files for leave to amend [a pleading] outside of the court's scheduling order, the party *must* show cause to modify the schedule." *Sherman*, 532 F.3d at 716 (quoting *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)) (internal quotation marks omitted). In these circumstances, "the application of Rule 16(b)'s good-cause standard is not optional." *Sherman*, 532 F.3d at 716. "To permit district courts to consider motions to amend pleadings under Rule 15(a) without regard to Rule 16(b) would render

scheduling orders meaningless and effectively ... read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Id.* (internal quotation marks omitted).

The Eighth Circuit in *Sherman* also instructed that "'[t]he primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements.'" *Id.* (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir.2006), and citing Fed.R.Civ.P. 16(b), advisory committee note (1983 Amendment)). Applying this standard, the *Sherman* court found no good cause for the defendants' motion to amend to plead an affirmative defense almost eighteen months after the deadline where "no change in the law, no newly discovered facts, or any other changed circumstance made the preemption defense more viable after the scheduling deadline for amending pleadings." 532 F.3d at 718. The defendant's explanation for the delay in pleading the defense was that "at the close of discovery and during research and preparation for [Winco's] summary judgment motion... [Winco] determined the merits of the pre-emption argument." *Id.* The Eighth Circuit found this to be a concession that the defendant failed to explore the applicability of the defense in a timely fashion before the summary judgment stage of the litigation. *Id.*

The existence or degree of prejudice to the party opposing the modification may also be relevant under Rule 16(b), but the court need not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines. *Sherman*, 532 F.3d at 717. The Eighth Circuit instructs that, under Rule 16(b), courts considering a belated proposed amendment should "focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order." *Id. See also Freeman v. Busch*, 349 F.3d 582, 589 (8th Cir. 2003) (affirming district court's denial of untimely motion to amend complaint to add punitive damages claim, even though it was filed seven weeks before the end of discovery, because plaintiff provided no reason why punitive damages could not have been earlier alleged or why motion to amend was filed so late).

In the present case, because the Scheduling Order's deadline for amending pleadings passed on February 6, 2015, and the motion to amend was filed on December 24, 2015, the Court must

5

apply the Rule 16(b) good-cause standard before considering whether an amendment is proper under Rule 15(a). *See Sherman*, 532 F.3d at 716.

As to good cause, the Lees state that the facts supporting the new claim were not known until the Defendants' depositions were taken on June 10, 2015, four months after the deadline for amendment of the pleadings. The problem with this argument, however, is that the Lees' lawyer sent emails to defense counsel mentioning amending the complaint as early as June 30, 2015, and July 1, 2015, but the motion to amend was not filed until over six months later on the dispositive motion deadline of December 24, 2015. During the approximately six month time period between the emails and the motion to amend, the parties made and the court granted two requests to amend the scheduling order, but the Lees never requested an extension of the deadline to amend the complaint. Counsel for the Lees indicates that during that time he was trying to figure out what the remedy is for the state law violations that allegedly occurred when Defendants entered into and made payments under unlawful contracts. He states that initially it appeared there is no remedy but upon further review it appears there might be, although counsel admits it still remains unclear. By the Lees' own candid admission, there is doubt about the viability of their proposed claim to recover on behalf of the township on the official bonds of the township supervisors. The Court also notes that the theory appears to be dubious when the Lees bring numerous counts against the township in the complaint and then ask to add a claim for recovery on behalf of the township without any clear basis for standing to proceed on the latter claim.

The main problem with the Lees' timing in asserting the new claim is their concession that they considered pursuing the claim after the depositions in June of 2015 but decided it was not a viable claim until further research was done, apparently in December of 2015. Had the Lees been diligent the research would have been performed sooner after the depositions, before discovery was closed and certainly before the summary judgment stage of the litigation. There is no explanation for why they waited over six months to further review and propose the potential claim. The Lees have not shown that they promptly and diligently moved to present their proffered amendments after

they became aware of the underlying facts possibly giving rise to the new claim at the depositions in June of 2015.

For these reasons, the Court concludes that the Lees did not diligently pursue their proposed amended claim and, therefore, they lack "good cause" for the untimely assertion of the claim. *Cf. Sherman*, 532 F.3d at 718 (belated determination of the merits of a claim is a concession that the party did not adequately explore the merits prior to the deadline).

Although the Court need not consider prejudice under Rule 16(b) if the movant has not been diligent in meeting the scheduling order's deadlines, *Sherman*, 532 F.3d at 717, the Court notes the Lees did not move to amend the complaint until after discovery had closed and on the same day that Defendants filed a motion to dismiss and for summary judgment based on the claims in the current complaint. The Lees state that there would be no need to reopen discovery or add additional parties if they are allowed to add the new claim to recover on the board members' official bonds, but it is a completely different claim that was not raised in the original complaint and it appears that a claim to recover on the official bonds would require adding the surety companies as defendants in this case. *See, e.g., Burkland v. Bliss*, 252 N.W. 25, 27 (S.D. 1933) (holding that an "individual member of the public" can sue the sureties on the bonds given by municipal officers "to recover damages for injuries sustained by him by the wrongful act of the officers"). Additional discovery probably would be required. The only means of avoiding prejudice to new and current defendants would be to delay the pretrial scheduled for June 13, 2016, and the trial scheduled for July 26, 2016. The resulting prejudice to Defendants is another reason to deny the motion to amend. *See Hammer v. The City of Osage Beach, Missouri*, 318 F.3d 832, 844 (8th Cir. 2003) (affirming trial court's denial of motion to amend to add a new legal theory because "the second motion for leave to amend was filed after discovery had closed and the [defendant] had moved for summary judgment on the pleaded theories"); *Williams v. Little Rock Municipal Waterworks*, 21 F.3d 218, 224-225 (8th Cir. 1994) (affirming denial of motion to amend filed "some fourteen months after filing the original complaint, six days after the discovery cutoff date set by the district court had passed and less than three weeks before the trial date").

Because the Lees have failed to show good cause to modify the scheduling order to allow them to amend their complaint, the Court does not address whether the proposed amendment is futile or otherwise meets Rule 15(a)'s more permissive test which is applicable when a motion for leave to amend is filed within the time permitted by the court's scheduling order. *See Sherman*, 532 F.3d at 709 ("[i]f a party files for leave to amend outside of the court's scheduling order, the party *must* show cause to modify the schedule") (internal citation and quotations omitted). Accordingly,

IT IS ORDERED that Plaintiffs' Motion to Amend Complaint, doc. 30, is denied.

Dated this 31st day of March, 2016.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
(SEAL)        DEPUTY